IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Action No. 06-cr-00473-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) JUAN DOMINGO TOLENTINO,

    Defendant.

_____

**PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL
AND RULE 16 MATERIAL**
_____

    THE COURT has received the Government's Motion for a Protective Order concerning the use, custody, and circulation of Jencks Act material and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named defendant. *See* 18 U.S.C. § 3500; FED. R. CRIM. P. 16(a)(2) and 26.2; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002) (upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial). For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, 28 U.S.C. § 1651.

    The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that the Jencks Act protected documents and Rule 16 material shall not be left in the exclusive custody of the defendant, citing

concerns for witness safety that could stem from the unauthorized duplication or circulation of certain written documents or photographic images. In the context of pretrial discovery, the Court finds and concludes that the concerns expressed have some merit. The Court further finds that it is in the interests of justice to grant the motion.

Based on the foregoing, it is

ORDERED that the Government's Unopposed Motion for Protective Order for Jencks Act material (filed November 17, 2006) (docket # 29) is **GRANTED**. It is

FURTHER ORDERED that the Jencks Act material and Fed. R. Crim. P. 16 material furnished to the defense in this case pursuant to this Order shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees of such defense attorneys. Unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the material so disclosed to the defense shall not be reproduced, published or circulated without further order of Court until time of trial. The defendant and other persons assisting the attorneys for the defendant may review the material, but they must do so without violating the rule that the material is to remain, at all times, under the custody and physical control of the attorneys, either personally, or through the custody and control of confidential employees of the attorneys. It is

FURTHER ORDERED that in the event the defense and the Government agree that certain documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement. In the event that the defense and the

Government are unclear about the meaning or application of this Order with respect to some document, the parties may bring the issue to the attention of the Court.  It is

FURTHER ORDERED that at the conclusion of the case, the described material shall be returned to the Government.

Dated:  November 30, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge